ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Mark R. Bresee          State Bar No. 167346
    MBresee@aalrr.com
Amy W. Estrada          State Bar No. 279969
    AEstrada@aalrr.com
Alyssa Ruiz de Esparza  State Bar No. 306542
    ARuizdeEsparza@aalrr.com
4225 Executive Square, 7th Floor
La Jolla, California 92037-1477
Telephone: (858) 485-9526
Fax: (858) 485-9412

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., a minor, by and through his legal guardians, D.A., an individual, and J.A., an individual,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LUNA, an individual in his personal and official capacity as Principal of Muirlands Middle School; DR. LAMONT JACKSON, an individual, in his official capacity as Superintendent of San Diego Unified School District; DOES 1-10, in their personal capacity,<br><br>Defendants. | Case No.: 3:24-cv-00112-LL-MMP<br><br>**DEFENDANTS' ANSWER TO VERIFIED COMPLAINT**<br><br>Judge: Hon. Linda Lopez<br>Courtroom: 2B<br>Hearing Date: None Set |

Defendants JEFF LUNA and LAMONT JACKSON ("Defendants") hereby answer the Verified Complaint of Plaintiff J.A., by and through his legal guardians D.A. and J.A., as follows:

**INTRODUCTION**

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendants admit that on October 13, 2023, J.A. was a student at Muirlands Middle School, and that he

was suspended from school for two (2) days. Except as so admitted, Defendants deny each and every allegation in Paragraph 1.

## JURISDICTION AND VENUE

2. In answering Paragraph 2 of Plaintiff's Complaint, Defendants admit this action arises under 42 U.S.C. § 1983. Except as so admitted, Defendants deny each and every allegation in Paragraph 2.

3. In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit venue is proper in this court pursuant to 29 U.S.C. § 1391(b).

## INTRADISTRICT ASSIGNMENT

4. In answering Paragraph 4 of Plaintiff's Complaint, Defendants admit this action is properly assigned to the San Diego Division of the Court.

## PARTIES

5. In answering Paragraph 5 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 5.

6. In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit Jeff Luna is the Principal of Muirlands Middle School within the San Diego Unified School District, and that Luna works in San Diego County. Defendants specifically allege that Jeff Luna, at all relevant times, was acting in his official capacity as Principal of Muirlands. Except as so admitted, Defendants deny each and every allegation in Paragraph 6.

7. In answering Paragraph 7 of Plaintiff's Complaint, Defendants admit Dr. Lamont Jackson was the Superintendent of the San Diego Unified School District at the time this action was filed. Defendants specifically allege that Lamont Jackson, at all relevant times, was acting in his official capacity as Superintendent of San Diego Unified School District. Except as so admitted, Defendants deny each and every allegation in Paragraph 7.

8. In answering Paragraph 8 of Plaintiff's Complaint, Defendants lack

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4225 EXECUTIVE SQUARE, 7TH FLOOR
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 8.

## BACKGROUND

9.  In answering Paragraph 9 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegation that eye black has been used by athletes to reduce glare and that its function has been enlarged in recent decades, and on that basis deny these allegations. Defendants admit that the photographs in footnotes 1, 2, and 3 are of athletes, footnotes 4 and 5 are of coaches and footnotes 6, 7, 8, and 9 include fans. Except as admitted, Defendants deny each and every allegation in Paragraph 9.

10. In answering Paragraph 10 of Plaintiff's Complaint, Defendants admit the quoted language appears on the website eyeblack.com. Except as admitted, Defendants deny each and every allegation in Paragraph 10.

11. In answering Paragraph 11 of Plaintiff's Complaint, Defendants admit that the products referenced in footnotes 11 and 12 are labeled "Warrior EyeBlack." Except as admitted, Defendants deny each and every allegation in Paragraph 11.

12. In answering Paragraph 12 of Plaintiff's Complaint, Defendants admit the photo and quoted language appear in the cited article. Defendants lack sufficient information or knowledge at this time to respond to the other allegations contained therein, and on that basis deny each and every other allegation in Paragraph 12.

13. In answering Paragraph 13 of Plaintiff's Complaint, Defendants admit the quoted language is said in the video. Except as admitted, Defendants deny each and every allegation in Paragraph 13.

14. In answering Paragraph 14 of Plaintiff's Complaint, Defendants admit the video depicts a tutorial on applying "Bryce Harper eye black." Defendants lack sufficient information at this time to respond to the other allegations contained therein, and on that basis deny each and every other allegation in Paragraph 14.

15. In answering Paragraph 15 of Plaintiff's Complaint, Defendants admit

that at the time of the Complaint, J.A. was a thirteen-year-old middle school student. Defendants lack sufficient information or knowledge at this time to respond to the other allegations contained therein, and on that basis deny each and every other allegation in Paragraph 15.

16. In answering Paragraph 16 of Plaintiff's Complaint, Defendants admit that J.S. attended at school district-sponsored event at La Jolla High School on October 13, 2023. Except as admitted herein, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny the remaining allegations in Paragraph 16.

17. In answering Paragraph 17 of Plaintiff's Complaint, Defendants deny the allegations in Paragraph 17.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that J.A. did not have eye black anywhere on his face when he arrived at the game. Defendants deny that half the people in the stands had eye black on their faces. As to the remaining allegations, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 18.

19. In answering Paragraph 19 of Plaintiff's Complaint, Defendants deny the allegations in Paragraph 19.

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 20.

21. In answering Paragraph 21 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 21.

22. In answering Paragraph 22 of Plaintiff's Complaint, Defendants deny the allegations in Paragraph 22.

23. In answering Paragraph 23 of Plaintiff's Complaint, Defendants lack

sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 23.

24. In answering Paragraph 24 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 24.

25. In answering Paragraph 25 of Plaintiff's Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 25.

26. In answering Paragraph 26 of Plaintiff's Complaint, Defendants admit J.A. was removed from class and sent to Principal Luna's office on Wednesday, October 19, 2023. Except as admitted, Defendants deny each and every allegation in Paragraph 26.

27. In answering Paragraph 27 of Plaintiff's Complaint, Defendants admit that the high school had received complaints about J.A. and his friends' conduct, wearing black face in front of opposing students and fans, mocking opposing students and fans, and that people in J.A.'s group yelled "racial stuff" near racial minority students and fans. Except as admitted, Defendants deny each and every allegation in Paragraph 27.

28. In answering Paragraph 28 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 28.

29. In answering Paragraph 29 of Plaintiff's Complaint, Defendants respond that California Education Code section 48911 speaks for itself.

30. In answering Paragraph 30 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 30.

31. In answering Paragraph 31 of Plaintiff's complaint, Defendants deny each and every allegation in Paragraph 31.

32. In answering Paragraph 32 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 32.

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT

33. In answering Paragraph 33 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 33.

34. In answering Paragraph 34 of Plaintiffs' Complaint, Defendants acknowledge the allegations contained therein describe only J.A.'s perception. To the extent the allegations describe Principal Luna's actual knowledge or information, Defendants specifically deny each and every allegation in Paragraph 34.

35. In answering Paragraph 35 of Plaintiff's Complaint, Defendants admit that Principal Luna left a message with J.A.'s parents to request a meeting. Defendants lack sufficient information or knowledge at this time to respond to the other allegations contained therein, and on that basis deny each and every allegation in Paragraph 35, except as admitted.

36. In answering Paragraph 36 of Plaintiff's Complaint, Defendants admit that J.A.'s father and mother went to Muirlands to meet with Principal Luna, and admit that the meeting was not an appeal of J.A.'s suspension from school. Except as admitted, Defendants deny each and every allegation in Paragraph 36.

37. In answering Paragraph 37 of Plaintiff's Complaint, Defendants admit that J.A.'s father brought pictures to the meeting and that J.A.'s father argued that J.A. had black on his face for reasons contrary to the determination Defendant Luna made after his investigation the day before. Except as admitted, Defendants deny each and every allegation in Paragraph 37.

38. In answering Paragraph 38 of Plaintiff's Complaint, Defendants admit that Defendant Luna described the complaints he had received. Except as admitted, Defendants deny each and every allegation in Paragraph 38.

39. In answering Paragraph 39 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 39.

40. In answering Paragraph 40 of Plaintiffs' Complaint, Defendants deny each and every allegation in Paragraph 40.

41. In answering Paragraph 41 of Plaintiff's Complaint, Defendants deny

each and every allegation in Paragraph 41.

42. In answering Paragraph 42 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 42.

43. In answering Paragraph 43 of Plaintiff's Complaint, Defendants Defendants deny each and every allegation in Paragraph 43.

44. In answering Paragraph 44 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 44.

45. In answering Paragraph 45 of Plaintiff's Complaint, Defendant deny each and every allegation in Paragraph 45.

46. In answering Paragraph 46 of Plaintiff's Complaint, Defendants admit the allegation that J.A. was suspended. Except as admitted, Defendants deny all allegations in Paragraph 46.

47. In answering Paragraph 47 of Plaintiff's Complaint, Defendants admit the copy of the suspension report in Exhibit A is a true and correct copy. Defendants deny each and every allegation in Paragraph 47.

48. In answering Paragraph 48 of Plaintiff's Complaint, Defendants admit the quoted language was included in the suspension report. Except as admitted, Defendants deny each and every allegation in Paragraph 48.

49. In answering Paragraph 49 of Plaintiff's Complaint, Defendants admit the Suspension Report included the quoted language. Except as admitted, Defendants deny each and every allegation in Paragraph 49.

50. In answering Paragraph 50 of Plaintiff's Complaint, Defendants respond that the cited Education Code sections speak for themselves.

51. In answering Paragraph 51 of Plaintiff's Complaint Defendants admit the quoted language was included in the Suspension Report. Except as admitted, Defendants deny each and every allegation in Paragraph 51.

52. In answering Paragraph 52 of Plaintiff's Complaint, Defendants respond that Education Code section 48900.3 and the cited Penal Code sections speak for

themselves, and deny that J.A. was accused of or suspended for a hate crime as defined by California law.

53. In answering Paragraph 53 of Plaintiff's Complaint, Defendants admit the quoted language appears in the cited case. Except as admitted, Defendants deny each and every allegation in Paragraph 53.

54. In answering Paragraph 54 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 54.

55. In answering Paragraph 55 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 55.

56. In answering Paragraph 56 of Plaintiff's Complaint, Defendants admit J.A. appealed his suspension and that the appeal email attached as Exhibit B is a true and correct copy. Except as admitted, Defendants deny each and every allegation in Paragraph 56.

57. In answering Paragraph 57 of Plaintiff's Complaint, Defendants admit the Suspension Appeal Decision attached as Exhibit C is a true and correct copy. Except as admitted, Defendants deny each and every allegation in Paragraph 57.

58. In answering Paragraph 58 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 58.

59. In answering Paragraph 59 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 59.

60. In answering Paragraph 60 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 60.

61. In answering Paragraph 61 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 61.

## COUNT I

### Violation of the First Amendment

62. In answering Paragraph 62 of Plaintiff's Complaint, Defendants incorporate by reference the preceding Paragraphs 1-61 as though fully set forth

herein.

63. In answering Paragraph 63 of Plaintiff's Complaint, Defendants admit that the First Amendment is incorporated through the Fourteenth Amendment to apply to the States. Except as admitted, Defendants deny each and every allegation in Paragraph 63.

64. In answering Paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations to the extent it asserts that the First Amendment applies to all expressive conduct.

65. In answering Paragraph 65 of Plaintiff's Complaint, Defendants admit this is a statement from a U.S. Supreme Court decision, but deny the allegation to the extent it implies that the student constitutional rights are the same in public school as they are outside of the public school context.

66. In answering Paragraph 66 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 66.

67. In answering Paragraph 67 of Plaintiff's Complaint, Defendants admit the allegations in Paragraph 67.

68. In answering Paragraph 68 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information to determine J.A.'s intent, and on that basis deny each and every allegation in Paragraph 68.

69. In answering Paragraph 69 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 69.

70. In answering Paragraph 70 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 70.

71. In answering Paragraph 71 of Plaintiff's Complaint, Defendants admit the allegations in Paragraph 71.

72. In answering Paragraph 72 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 72.

73. In answering Paragraph 73 of Plaintiff's Complaint, Defendants deny

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT

1 each and every allegation in Paragraph 73.

2 74. In answering Paragraph 74 of Plaintiff's Complaint, Defendants deny
3 each and every allegation in Paragraph 74.

4 75. In answering Paragraph 75 of Plaintiff's Complaint, Defendants deny
5 each and every allegation in Paragraph 75.

6 76. In answering Paragraph 76 of Plaintiff's Complaint, Defendants deny
7 each and every allegation in Paragraph 76.

8 77. In answering Paragraph 77 of Plaintiff's Complaint, Defendants deny
9 each and every allegation in Paragraph 77.

10 78. In answering Paragraph 78 of Plaintiff's Complaint, Defendants deny
11 each and every allegation in Paragraph 78.

12 79. In answering Paragraph 79 of Plaintiff's Complaint, Defendants deny
13 each and every allegation in Paragraph 79.

14 80. In answering Paragraph 80 of Plaintiff's Complaint, Defendants deny
15 each and every allegation in Paragraph 80.

16 81. In answering Paragraph 81 of Plaintiff's Complaint, Defendants deny
17 each and every allegation in Paragraph 81.

18 82. In answering Paragraph 82 of Plaintiff's Complaint, Defendants deny
19 each and every allegation in Paragraph 82.

20 83. In answering Paragraph 83 of Plaintiff's Complaint, Defendants deny
21 each and every allegation in Paragraph 83.

22 84. In answering Paragraph 84 of Plaintiff's Complaint, Defendants deny
23 each and every allegation in Paragraph 84.

24 85. In answering Paragraph 85 of Plaintiff's Complaint, Defendants deny
25 each and every allegation in Paragraph 85.

26 86. In answering Paragraph 86 of Plaintiff's Complaint, Defendants deny
27 each and every allegation in Paragraph 86.

28 87. In answering Paragraph 87 of Plaintiff's Complaint, Defendants deny

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4225 EXECUTIVE SQUARE, 7TH FLOOR
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526
FAX: (858) 485-9412

each and every allegation in Paragraph 87.

88. In answering Paragraph 88 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 88.

89. In answering Paragraph 89 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 89.

90. In answering Paragraph 90 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 90.

## COUNT II

### Violation of the Fourteenth Amendment

### Right of Due Process

91. In answering Paragraph 91 Plaintiff's Complaint, Defendants incorporate by reference the preceding Paragraphs 1-90 as though fully set forth herein.

92. In answering Paragraph 92 of Plaintiff's Complaint, Defendants deny that Paragraph 92 is a complete, accurate statement of the law, assert that it is, rather, self-serving argument rather than a recitation of foundation facts, and on that basis deny the allegations in Paragraph 92.

93. In answering Paragraph 93 of Plaintiff's Complaint, Defendants deny that Paragraph 93 is a complete, accurate statement of the law, assert that it is, rather, self-serving argument rather than a recitation of foundation facts, and on that basis deny the allegations in Paragraph 93

94. In answering Paragraph 94 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 94

95. In answering Paragraph 95 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 95.

96. In answering Paragraph 96 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 96.

///

# COUNT III

## Violation of the Fourteenth Amendment

### Equal Protection—Class of One

97. In answering Paragraph 97 of Plaintiff's Complaint, Defendants incorporate by reference the preceding Paragraphs 1-96 as though fully set forth herein.

98. In answering Paragraph 98 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 98.

99. In answering Paragraph 99 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 99.

100. In answering Paragraph 100 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 100.

101. In answering Paragraph 101 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 101.

102. In answering Paragraph 102 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 102.

103. In answering paragraph 103 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 103.

104. In answering Paragraph 104 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 104.

105. In answering Paragraph 105 of Plaintiff's Complaint, Defendants deny each and every allegation in Paragraph 105.

## PRAYER FOR RELIEF

1. In answering Paragraph 1 of Plaintiff's Prayer, Defendants understand and believe that said Paragraph states Plaintiff's request for relief for which no response is required. To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT

2. In answering Paragraph 2 of Plaintiff's Prayer, Defendants understand and believe that said Paragraph states Plaintiff's request for relief for which no response is required. To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

3. In answering Paragraph 3 of Plaintiff's Prayer, Defendants understand and believe that said Paragraph states Plaintiff's request for relief for which no response is required. To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

4. In answering Paragraph 4 of Plaintiff's Prayer, Defendants understand and believe that said Paragraph states Plaintiff's request for relief for which no response is required. To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

5. In answering Paragraph 5 of Plaintiff's Prayer, Defendants understand and believe that said Paragraph states Plaintiff's request for relief for which no response is required. To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

6. In answering Paragraph 6 of Plaintiff's Prayer, Defendants understand and believe that said Paragraph states Plaintiff's request for relief for which no response is required. To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

7. In answering Paragraph 7 of Plaintiff's Prayer, Defendants understand and believe that said Paragraph states Plaintiff's request for relief for which no response is required. To the extent a response is required, Defendants deny and contest

that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a first, separate and affirmative defense to the Complaint, Defendants allege that any claim for monetary relief is barred by the Eleventh Amendment to the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

2. As a second separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each claim for relief fails to state a claim upon which relief can be granted against any and all Defendants.

### THIRD AFFIRMATIVE DEFENSE

3. As a third, separate and affirmative defense to the Complaint, Defendants allege that the Court lacks jurisdiction under Article III of the U.S. Constitution.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth, separate and affirmative defense to the Complaint, Defendants allege that Plaintiff lacks standing.

### FIFTH AFFIRMATIVE DEFENSE

5. As a fifth, separate and affirmative defense to the Complaint, Defendants allege that any claims against individual Defendants are barred by qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

6. As a sixth, separate and affirmative defense to the Complaint, Defendants allege that at all times mentioned herein, Defendants acted in good faith in doing any of the acts alleged in the reasonable belief that the actions were lawful.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh, separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs, by reason of their acts, omissions, representations

and course of conduct, have waived any claim against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As an eighth, separate and affirmative defense to the Complaint, Defendants allege that they are jointly and severally immune from liability regarding any and all actions allegedly taken pursuant to Government Code § 820.2 and any other immunities pursuant to the Education Code.

**NINTH AFFIRMATIVE DEFENSE**

9. As a ninth, separate and affirmative defense to the Complaint, Defendants allege that this lawsuit is moot.

**TENTH AFFIRMATIVE DEFENSE**

10. As a tenth, separate and affirmative defense to the Complaint, Defendants allege that at all times relevant governmental officials engaged to perform discretionary functions within the scope of official duties, and no Defendant engaged in conduct that violated clearly established statutory or constitutional rights of which a reasonable person would have known.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As an eleventh, separate and affirmative defense to the First Amended Complaint, Defendants allege that all of Plaintiffs' causes of action are barred, because they have not complied with the Government Claims provisions of the California Government Claims Act. (Gov. Code, § 910 et seq.).

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a twelfth, separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's Complaint, and each claim for relief asserted therein is barred by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a thirteenth, separate and affirmative defense to the Complaint, Defendants do not have sufficient information to enable them to form a belief as to whether they have additional, as yet unstated, affirmative defenses. Therefore,

Defendants reserve the right to assert such unknown defenses in the event that discovery reveals such defense are appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiff takes nothing by their Complaint;

2. That Defendants recover their costs of suit herein;

3. That Defendants recover reasonable attorney's fees incurred herein; and

4. That the Court awards such other and/or further relief as it deems just and proper.

Dated: October 22, 2024

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Mark R. Bresee
Mark R. Bresee
Amy W. Estrada
Alyssa Ruiz de Esparza

Attorneys for Defendants