KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
KARIN M. SWEIGART (SBN: 247462)
KSweigart@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

HARMEET K. DHILLON
harmeet@libertycenter.org
CENTER FOR AMERICAN LIBERTY
26 1311 S. Main Street, Suite 207
Mount Airy, MD 21771

Attorneys for Plaintiff J.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| J.A., a minor, by and through his legal guardians, D.A., an individual, and J.A. an individual,<br><br>Plaintiff,<br>vs.<br><br>JEFF LUNA, in his personal and official capacity as Principal of Muirlands Middle School; DR. LAMONT JACKSON, in his official capacity as Superintendent of San Diego Unified School District; DOES 1-10, in their personal capacity,<br><br>Defendants. | Case Number: 3:24-cv-00112-LL-MMP<br><br>**MOTION TO APPROVE MINOR'S COMPROMISE** |



**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 11, 2025, at 2:00 p.m., or as soon as the matter may be heard by either United States Magistrate Judge Karen S. Crawford in the United States District Court, Southern District of California, 221 W. Broadway, Suite 2140, San Diego, CA 92101, or, if all parties do not consent to review by magistrate, by District Judge Linda Lopez, Plaintiff J.A., a minor, by and through his legal guardians D.A. and J.A., moves this Court for approval of a minor's compromise on the basis that the settlement agreed to by the Parties is fair, reasonable, and in the minor's best interest.

This Motion is based on this motion; the pleadings and records on file with the Court; and any argument or additional evidence as may be requested by the Court or presented at the time of hearing, if the the Court deems a hearing necessary.

## INTRODUCTION

In this matter, Plaintiff J.A. ("Plaintiff"), by and through his parents D.A. and J.A., alleged that Defendants violated his First and Fourteenth Amendment rights when they failed to provide J.A. with due process and ultimately suspended J.A. for wearing eyeblack, which Defendants claimed was blackface, at a football game.

Plaintiff filed this lawsuit and a Motion for Preliminary Injunction on January 16, 2024. Defendants filed their Opposition to the Motion for Preliminary Injunction on February 26, 2024. Plaintiff filed a Reply on March 11, 2024. The Court denied Plaintiff's request for a Preliminary Injunction on September 30, 2024. Defendants filed an Answer on October 22, 2024, denying all of Plaintiff's allegations.

The Parties participated in an Early Neutral Evaluation Conference on December 11, 2024, with the Honorable Michelle M. Pettit. Subsequent communication between the Parties has resulted in a settlement agreement wherein the parties agree to resolve this matter without any express or implied admission of liability or wrongdoing.

Per the agreement, The District agrees to permanently expunge from J.A.'s education records the two-day suspension challenged in this Action. No disciplinary



actions or entries regarding the two-day suspension or the circumstances leading to the two-day suspension will be added to J.A.'s record after the record of the suspension is expunged, and no District official or employee will refer to the suspension in any communications with others. Plaintiff agrees to accept these terms as full settlement and compromise of the issues and discharge and release all related claims.

## **ARGUMENT**

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interest of minors in litigation. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (cleaned up). Based on this standard, the Court should approve the Order for accepting the minor's compromise in this case.

The proposed settlement will both restore and protect Plaintiff's good name and reputation. With the suspension records expunged and no District official or employee permitted to refer to the suspension in any communications with others, the false accusation of blackface can no longer be used to harm Plaintiff's future interests. Plaintiff need no longer worry about how the associated charges will impact his chances to apply to a private secondary school or college, or his long term career prospects. Plaintiff can move on with his life free from the encumbrances of the false claims that he participated in a racist act.

Plaintiff is aware that he will not receive compensation as a result of this settlement. He agreed to this condition as, ultimately, taxpayers, as opposed to the individuals who made the decisions related to his suspension, would be paying for any compensation he received. This settlement was negotiated with the assistance of counsel, meets all the federal requirements, and is in J.A.'s best interest.

# CONCLUSION

For the above reasons, JA requests that the Court grant his motion.

Respectfully submitted,

Date: January 21, 2025          **DHILLON LAW GROUP INC.**

By: */s/ Karin Sweigart*
_____
KRISTA L. BAUGHMAN
KARIN M. SWEIGART
**Attorneys for Plaintiff**

