1  KRISTA L. BAUGHMAN (SBN: 264600)
   kbaughman@dhillonlaw.com
2  KARIN M. SWEIGART (SBN: 247462)
   KSweigart@dhillonlaw.com
3  DHILLON LAW GROUP INC.
4  177 Post Street, Suite 700
   San Francisco, California 94108
5  Telephone: (415) 433-1700
   Facsimile: (415) 520-6593
6
7  HARMEET K. DHILLON
   harmeet@libertycenter.org
8  CENTER FOR AMERICAN LIBERTY
   26 1311 S. Main Street, Suite 207
9  Mount Airy, MD 21771
10 Attorneys for Plaintiff J.A.

11
12                    UNITED STATES DISTRICT COURT
13                   SOUTHERN DISTRICT OF CALIFORNIA
14                          SAN DIEGO DIVISION
15

| | |
|---|---|
| J.A., a minor, by and through his legal guardians, D.A., an individual, and J.A. an individual, | Case Number: 3:24-cv-00112-LL-MMP |
| Plaintiff, | **DECLARATION OF DANIEL AMEDURI IN SUPPORT OF MOTION TO APPROVE MINOR'S COMPROMISE** |
| vs. | |
| JEFF LUNA, in his personal and official capacity as Principal of Muirlands Middle School; DR. LAMONT JACKSON, in his official capacity as Superintendent of San Diego Unified School District; DOES 1-10, in their personal capacity, | |
| Defendants. | |



I, Daniel Ameduri, declare as follows:

1. I am the father of J.A., plaintiff in this action. I have personal knowledge regarding the contents of this declaration and, if called to be a witness at trial, could competently testify as to its contents.

2. Plaintiff J.A. is 14 years old.

3. In October 2023, Plaintiff J.A. was suspended from school for two days for wearing eyeblack at a football game which Defendants claimed was blackface. J.A. denies that he was wearing blackface and was not even aware of what blackface was at the time he put on the eyeblack. J.A. has alleged that Defendants acts violated his First and Fourteenth Amendment rights.

4. As a result of Defendants' acts, Plaintiff suffered emotional injury in the form of emotional distress and the deprivation of his constitutional rights. Plaintiff did not suffer physical injury.

5. Plaintiff sought and received counseling as a result of the emotional injuries related to Defendants' actions. J.A. has recovered from his emotional injuries.

6. I have made a careful and diligent inquiry and investigation into the facts and circumstances of the incident in which J.A. was injured, the responsibility for the incident, and the nature, extent, and seriousness of J.A.'s injuries. I understand that, if the compromise proposed in this petition is approved by the court and consummated, J.A. will never be able to recover any more compensation from the Defendants named below even if J.A.'s injuries turn out to be more serious than they now appear.

7. As a part of the settlement, the suspension will be removed completely from J.A.'s student record. The proposed settlement will both restore and protect J.A.'s good name and reputation. With the suspension records expunged and no District official or employee permitted to refer to the suspension in any communications with others, the false accusation of blackface can no longer be used to harm J.A.'s future interests. J.A. need no longer worry about how the associated charges will impact his chances to apply to a private secondary school or college, or his long term career

prospects. J.A. can move on with his life free from the encumbrances of the false claims that he participated in a racist act.

8. Neither J.A., his counsel, nor any others will receive financial compensation as a part of this settlement. J.A. agreed to this condition as, ultimately, taxpayers, as opposed to the individuals who made the decisions related to his suspension, would be paying for any compensation he received.

9. Since there will be no financial compensation as part of this settlement, I have not paid any fees or expenses related to J.A.'s medical expenses or attorney's fees and expenses that will be reimbursed.

10. Since there will be no financial compensation as part of this settlement, there is no net balance of proceeds for J.A.

11. I am represented by an attorney in preparing this request or with respect to the claims asserted. The attorney represents J.A., a minor, by and through his legal guardians, me and my wife. The attorney is not representing any other party or any insurance carrier involved in the matter.

12. The attorney who representing me is:

    Karin M. Sweigart
    SBN: 247462
    Dhillon Law Group Inc.
    177 Post Street, Suite 700
    San Francisco, CA 94108
    Telephone: (415) 433-1700
    KSweigart@dhillonlaw.com

13. The attorney did not become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier.

14. There is no guardianship or conservatorship of the estate of J.A.

15. I do not request an order for payment of funds to a special needs trust.

1    16. I consent to the order requested in the Motion to Approve Minor's
2 Compromise.
3    Based on the foregoing, I request that the court issue an order approving the
4 compromise of J.A.'s claims in this action as fair, reasonable, and in the best interest of
5 J.A. I declare under penalty of perjury that the foregoing is true and correct and, that if
6 called to testify thereto, I could and would competently do so.
7
8   Date: February 6, 2025
9
10                    By:    _____
11                           Daniel Ameduri
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DANIEL AMEDURI IN SUPPORT OF
MOTION TO APPROVE MINOR'S COMPROMISE            3            Case No. 3:24-cv-00112-LL-MMP