UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.,<br><br>         Plaintiff,<br><br>v.<br><br>JEFF LUNA and DR. LAMONT JACKSON,<br><br>         Defendants. | Case No.: 24-cv-112-LL-MMP<br><br>**ORDER APPROVING MINOR'S COMPROMISE [Doc. No. 29]** |

   This case is settled between the parties. Doc. No. 24. The Court previously directed the filing of a Motion to Approve a Minor's Compromise. Doc. No. 26. The Motion, filed by and through plaintiff's parents as his guardians, is presently before the Court. Doc. No. 29. No response was filed by the deadline in the Court's prior Order. Doc. No. 28. The Court has a duty to safeguard the interests of minor parties. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of a settlement involving claims by a minor, the Court must approve the settlement to ensure it serves the best interests of the minor. *See* Civ. L.R. 17.1; *Robidoux*, 638 F.3d at 1181. Courts sitting in diversity jurisdiction apply state law. *Robidoux*, 638 F.3d at 1181. In the case of this District, the Court specifically looks to applicable sections of the California Probate Code. *See* Civ.

1  L.R. 17.1. This Court previously directed the parties to review Judicial Council of
2  California Form MC-350, which reflects the underlying state law requirements for minor's
3  settlements. *See* Doc. No. 28.

4      This case involves a non-monetary settlement. Doc. No. 29. Plaintiff initially sued
5  defendants on the basis that his constitutional rights were violated when they suspend him
6  for painting his face black at a school football game, which defendants perceived as
7  blackface but which plaintiff contends was "warrior eye black" in the style of various
8  professional athletes. *See* Doc. No. 7, 29. Now, in exchange for dismissal of the lawsuit,
9  defendants will expunge the suspension from plaintiff's record. Doc. No. 29.

10     Case law provides little guidance to the Court on how to evaluate the fairness of a
11 non-monetary settlement. However, the Court notes plaintiff has achieved the main relief
12 he sought in Complaint: an injunction mandating expungement of his records. *See* Doc.
13 No. 7. Plaintiff previously sought, and failed to obtain, an injunction from the Court. *See*
14 Doc. Nos. 2; 18. Thus, it appears plaintiff is (at least partly) getting through settlement
15 what he could not obtain through litigation, which strikes the Court as distinctly in
16 plaintiff's best interest. Moreover, the guardian seeking approval of the settlement has
17 made the required affirmances and disclosures called for by Judicial Council Form MC-
18 350. *See* Doc. Nos. 29-1; 29-2. The Court discerns nothing that suggests unfairness to the
19 minor plaintiff in this case. Accordingly, the settlement is approved.

20 **IT IS SO ORDERED**
21 Dated: February 24, 2025

                              Hon. Karen S. Crawford
                              United States Magistrate Judge